**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                           *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD THOMPSON**<br>**147 Magnolia Drive**<br>**Levittown, PA 19054**<br>      *Plaintiff*, | Civil Action No. |
| v. | Complaint and Jury Demand |
| **A.L. PATTERSON, INC.**<br>**300 Ben Fairless Drive**<br>**Fairless Hills, PA 19030**<br>      *Defendant*. | |

### COMPLAINT

Plaintiff, Edward Thompson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against A.L. Patterson, Inc. (hereinafter "Defendant"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, A.L. Patterson, Inc. is a company that is located at the above captioned address.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning

Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial

district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination against Defendant.

14. The Complaint was assigned Charge Number 530-2015-00277 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 24, 2017. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On October 17, 2007, Defendant hired Plaintiff as a Fork Lift Driver.

21. Plaintiff was well qualified for his position and performed well.

22. In or around 2012, Defendant promoted Plaintiff to Assistant Warehouse Manager.

23. Plaintiff was well qualified for his position and performed well.

24. On June 2, 2014, Plaintiff was driving to work.

25. An ambulance found Plaintiff passed out in his car on the side of the road.

26. The EMT informed Plaintiff that his blood pressure was too high and Plaintiff's brother picked him up and took him home.

27. That same day, Plaintiff sent a text message to his supervisor, Rick Amour, informing him what happened. Mr. Amour did not respond.

28. On June 3, 2014, Plaintiff reported to work and was asked by Mr. Amour why Plaintiff had not reported to work the previous day.

29. Plaintiff informed Mr. Amour what had happened.

30. Mr. Amour then suspended Plaintiff for two (2) days without pay and placed him on a thirty day probationary period.

31. Mr. Amour proceeded to inform Plaintiff that if he missed any more time from work that Plaintiff would be terminated.

32. Plaintiff explained to Mr. Amour that he had a serious medical condition and was looking into getting it cleared up.

33. On June 19, 2014, Mr. Amour texted Plaintiff to meet with him and asked if Plaintiff had ever considered filing for disability.

34. When Plaintiff met with Mr. Amour, Mr. Amour informed Plaintiff that he was terminated.

35. Plaintiff notified Andy Lemoth, Operations Manager, regarding his termination and was told by Mr. Lemoth that Mr. Amour could not terminate him.

36. Then, Chris Rescatti, Vice President, approached Plaintiff and notified him that Defendant could not continue to employ him because he was a liability.

37. Mr. Rescatti further stated that he did not care if he had "iv tubes" in him and that Plaintiff needed to report to work.

38. Mr. Rescatti also made inappropriate comments, including, but not limited to, "Does it run in your genetics?"

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Title I of the Americans with Disabilities Act ("ADA") prohibits discrimination against qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112, *et seq.*

41. Defendant is an "employer" within the meaning of the ADA because it is "engaged in an industry affecting commerce [and] has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ."

42. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12102. Gaul v. AT & T, Inc., 955 F. Supp. 346, 350 (D.N.J. 1997).

43. Plaintiff is able to perform the essential functions of the position with or without reasonable accommodations.

44. At all relevant times, Plaintiff has had physical impairment that substantially limits the types of activities "that are of central importance to daily life."

45. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disabilities in violation of the ADA.

46. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### THE PENNSYLVANIA HUMAN RELATIONS ACT

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff had a disability.

49. Plaintiff is a member of a protected class in that he is an individual with a disability.

50. Plaintiff was qualified for the position at issue.

51. Despite being qualified for the position, Defendant subjected him to adverse employment action(s), including, but not limited to, failing to continue his employment and terminating him.

52. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disability.

53. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Edward Thompson, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 27, 2017      **By:** /s/ David M. Koller

David M. Koller, Esquire
Attorney ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
*Counsel for Plaintiff*